IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**MICHAEL ADAMS,**

    **Plaintiff,**

v.                                       Civil Action No: 2:10-0423

**BARRY PARSONS,**
**R. D. SIZEMORE,**
**C. R. HOLBERT,**
**HERB SHELTON, and**
**STEPHEN P. BARKER, JR., all individually,**

    **Defendants.**

### SECOND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**NOW COMES** the Plaintiff, **MICHAEL ADAMS** (hereinafter, the "PLAINTIFF"), by and through his counsel, Nicholas S. Preservati of Preservati Law Offices, PLLC, and for his Complaint against the Defendants, states as follows:

### STATEMENT OF FACTS

1.    Plaintiff initially filed his Complaint in the Circuit Court of Logan County, West Virginia. The Defendants removed the action to federal court on April 1, 2010.

2.    The Plaintiff amended his Complaint on June 8, 2010. Defendant Parsons then filed a motion to dismiss on June 21, 2010. The motion was joined in to by all defendants other than Defendant Barker. On June 23, 2010, Defendant Parsons filed a motion to stay the case pending the Court's ruling on his motion to dismiss. This Court entered an agreed order on July 16, 2010 staying the case until it ruled on Defendant Parsons' motion to dismiss.

3.    On April 15, 2011, this Court granted the Defendants' motion to dismiss. The basis for the granting of the motion to dismiss was the fact that the prosecutor's decision to

proceed with the case and the grand jury's decision to indict the Plaintiff in the underlying criminal case broke the causal chain between the Plaintiff's arrest and the Defendants' conduct. The Court further held that dismissal was proper because the Plaintiff failed to allege that the defendant officers misled the prosecutor.

4. The Plaintiff previously filed a Motion to File Second Amended Complaint on June 24, 2011. Each of the officer Defendants filed a response to the Plaintiff's Motion to File Second Amended Complaint. In each response, the officer Defendants argued that the motion should be denied "as futile" because the proposed Second Amended Complaint lacked sufficient factual allegations to sustain the legal theory presented by the Plaintiff.

5. While the Plaintiff did not agree with the officer Defendants' arguments, the Plaintiff thought it was in the interests of judicial economy to simply address the arguments through amendment of the proposed complaint rather than by requiring this Court to have to address the arguments on their merits. Therefore, on July 14, 2011, Plaintiff withdrew his Motion to File Second Amended Complaint. In that withdrawal, the Plaintiff acknowledged that he would be filing another motion to resolve the issues raised by the officer Defendants.

6. In response to the Plaintiff's withdrawal, counsel for Defendant Robinson and Defendant Lester contacted Plaintiff's counsel and presented counsel with facts suggesting that Defendant Robinson and Defendant Lester should not be named in the Second Amended Complaint. Plaintiff's counsel has reviewed the information provided by opposing counsel and Troopers Robinson and Lester have been dropped from this Proposed Second Amended Complaint.

7. The Plaintiff is proposing to amend his Complaint to allege that the officers did in fact mislead the prosecutor by improperly failing to advise her of the exculpatory nature of the evidence upon which they were relying for conviction. The proposed amendments also cure each of the alleged deficiencies contained in the previous proposed amendment. While the defendants may dispute the factual allegations, these new allegations overcome the justification for the Court's earlier dismissal and reconnect the causal chain between the Plaintiff's arrest and the defendants' conduct.

## LEGAL ARGUMENT

Once a motion to dismiss has been granted for failure to state a claim upon which relief may be granted, it is within the court's discretion whether to grant a motion to amend the complaint. Hurd v. Dimento and Sullivan, 440 F.2d 1322 (1st Cir. 1971), *certiorari denied* 92 S.Ct. 164, 404 U.S. 862, 30 L.Ed.2d 105, *rehearing denied* 92 S.Ct. 321, 404 U.S. 961, 30 L.Ed.2d 281. However, Rule 15(a) of the Federal Rules of Civil Procedure states that a court should "freely give leave" to amend a complaint when justice so requires. This is because liberal allowance to amend pleadings is a hallmark of modern civil procedure and should be freely granted. Erk v. Glenn Martin Co., 116 F.2d 865 (4th Cir. 1941). Courts liberally exercise their discretion in permitting amendments so as not to deprive a litigant of a chance to bring his case to trial. Wilson v. Lamberton, 102 F.2d 506 (3rd Cir. 1939).

Finally, leave to amend should be given in the absence of any apparent reason such as undue delay, bad faith, or dilatory motive on the movant's part. Foman v. Davis, 371 U.S. 178, 9 L.Ed. 2d 222, 83 S.Ct. 227 (1962). In other words, absent a substantial reason, such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, a district court's discretion is not broad enough to permit the denial of motion for

leave to amend a pleading. *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 610 F.Supp.2d 600 (S.D. Tex. 2009).

None of these factors exist in the current case. There is no bad faith in this case, as the Plaintiff is seeking to simply amend his Complaint in order to cure a defect recognized by the Court. In fact, as part of this proposed amendment, the Plaintiff has voluntarily agreed to drop two of the officers from this lawsuit. Also, there has been no undue delay, as it has been approximately three months since the Court issued its Order granting the Defendants' motion to dismiss. Courts routinely grant motions to amend even when the delay has been as long as two years. See, Davis Acoustical Corp. v. Carolina Freight Carriers Corp., 765 F.Supp. 1142 (N.D. N.Y. 1991). Also, delay alone is insufficient reason to deny a motion to amend. Enhance-It, L.L.C. v. American Access Technologies, Inc., 413 F.Supp.2d 626 (D. S.C. 2006).

Finally, there is no undue prejudice to the Defendants. In order to prevent a party from filing an amended complaint based upon "undue hardship", the nonmoving party must show that it was unfairly disadvantaged or deprived of an opportunity to present facts or evidence. Bryn Mawr Hosp. v. Coatesville Elec. Supply Co., 776 F.Supp. 181 (E.D. Pa. 1991). The allowing of this amendment will in no way prevent the Defendants from presenting facts or evidence.

Therefore, because the Plaintiff has met all of the necessary requirements to amend his Complaint, he respectfully requests that this Court grant his Motion to File Second Amended Complaint (See "Second Amended Complaint" attached hereto as "Exhibit 1").

WHEREFORE, PLAINTIFF respectfully requests that this honorable Court grant his Motion for Leave to File Amended Complaint, and any other relief it deems appropriate.

    Plaintiff,
**MICHAEL ADAMS**

By Counsel,

s/Nicholas S. Preservati
Nicholas S. Preservati (WV Bar #8050)
**PRESERVATI LAW OFFICES PLLC**
P.O. Box 1431
Charleston, WV 25325
(304)-346-1431 Telephone
(304)-346-1744 Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**MICHAEL ADAMS,**

      **Plaintiff,**

v.                                          Civil Action No: 2:10-0423

**BARRY PARSONS,** *et al.***,**

      **Defendants.**

## CERTIFICATE OF SERVICE

I certify that on July 20, 2011, I filed the foregoing document with the Court using CM/ECF which will send notification of such filing to the following CM/ECF participants.

**Stephen M. Horn**
Steve.Horn@usdoj.gov

**Michael T. McCarthy**
michael.mccarthy@steptoe-johnson.com

**Gary E. Pullin**
gpullin@pffwv.com

and by U.S. Mail to the last known address of the following defendants:

Stephen P. Barker, Jr.
P.O. Box 131
Big Creek, WV 25505


s/ Nicholas S. Preservati
Nicholas S. Preservati (WV Bar #8050)
**PRESERVATI LAW OFFICES PLLC**
P.O. Box 1431
Charleston, WV 25325
(304)-346-1431 Telephone
(304)-346-1744 Facsimile