```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

MICHAEL ADAMS,

      Plaintiff,

v.                                          Civil Action No. 2:10-0423

BARRY PARSONS and M. G. ROBINSON and
R. D. SIZEMORE and C. R. HOLBERT and
J. J. LESTER and HERB SHELTON and
STEPHEN P. BARKER, JR.,
all individually,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are 1) plaintiff's second motion for leave to file a second amended complaint, filed July 20, 2011; and 2) defendant Parsons' motion for entry of final judgment with respect to fewer than all parties ("motion for partial judgment"), which has been joined by defendants Robinson, Holbert, and Lester, filed July 18, 2011.[1]

---

[1] Also pending is plaintiff's first motion for leave to file a second amended complaint, filed June 24, 2011. Inasmuch as plaintiff seeks to withdraw this motion in light of his filing a second motion for leave to file a second amended complaint, plaintiff's first motion is denied as moot.
     The motion of defendants Robinson, Holbert, and Lester to join in defendant Parsons's motion for partial judgment, filed July 18, 2011, is hereby granted. It is further ORDERED that the stay, entered December 5, 2011, be, and it hereby is, lifted.

I.

The factual and procedural background of this action is fully set forth in the court's memorandum opinion and order, entered April 15, 2011 ("April 15 order"), and is incorporated herein by reference. See Adams v. Parsons, No. 2:10-423, 2011 WL 1464856 (S.D. W. Va. April 15, 2011) (Doc. No. 48). Briefly stated, plaintiff instituted this action against several federal and state officers ("defendant officers") and a confidential informant ("defendant Barker"), all of whom participated in a drug investigation that resulted in the plaintiff's alleged wrongful arrest, detention, and prosecution. The first amended complaint asserted claims against the defendant officers for violations of plaintiff's Fourth Amendment rights pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

In its April 15 order, the court granted the defendant officers' motion to dismiss. Adams, 2011 WL 1464856, *7-*8. Noting that the plaintiff's arrest, detention, and prosecution occurred after the issuance of a grand jury indictment, and there being no allegation that the defendant officers misled or unduly pressured the prosecutor or grand jury, the court concluded that "the independent acts of the prosecutor and grand

jury were sufficient superceding causes to preclude liability of defendant officers." Id. at *7.

On June 24, 2011, plaintiff moved for leave to file a second amended complaint in an attempt to cure the deficiencies of his now-dismissed claims against defendant officers. The officers opposed the amendment. The State Police defendants, in particular, appeared to raise, in addition to futility grounds, a timeliness challenge to the late pleading. Plaintiff later purported to withdraw his motion to amend on July 14, 2011. Then, on July 20, 2011, plaintiff filed a second motion for leave to file a second amended complaint.[2] Defendant officers again oppose the amendment on the same grounds.[3]

---

[2] In the proposed second amended complaint, plaintiff has dropped officers Robinson and Lester as defendants.

[3] The State Police defendants do not cite Federal Rule of Civil Procedure 16(b) in responding to the amendment request. They do raise, however, the same concerns underlying the good cause standard found in that Rule, and more fully discussed infra. (See, e.g., State Police Defs.' Resp. at 1 ("Unsatisfied with two bites at the apple, Plaintiff then requested leave to try a third time."); id. at 1-2 ("On cue, Plaintiff has now asked for a second bite at his third bite at the apple . . . , now promising that -- with the help of the Court's orders and Defendants' attorneys -- if the Court will just give him one more chance, he might finally get it right . . . .") (citations omitted); id. at 4 ("[I]t would be a waste of everyone's resources to drag this case out any longer. The law does not require allowing Plaintiff to recruit the parties' counsel and the Court as his unwitting and unwilling attorneys."); id. ("The State Police Defendants do not oppose Plaintiff's withdrawal of

(contin.)

II.

A. Motion to Amend

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend a pleading once, as a matter of course, within either (1) 21 days after serving the pleading, or (2) 21 days after service of a responsive pleading or 21 days after service of a Rule 12(b) motion, whichever is earlier. Fed. R. Civ. Pro. 15(a)(1)(A)-(B). Once the Rule 15(a)(1) period has expired, the proposed amendment is governed by Rule 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). This rule "gives effect to the federal policy . . . of resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006); see also Medigen of Kentucky, Inc. v. Public Serv. Com'n of West Virginia, 985 F.2d 164, 167-68 (4th Cir. 1993) ("the . . . rules strongly favor granting leave to amend").

---

his second motion to amend, or Plaintiff's decision to drop Defendants Lester and Robinson (who were not involved) from his efforts. But to the extent that he now seeks leave to file a . . . second amended complaint against Defendant Holbert, enough is enough.").

4

When the deadline in a scheduling order for pleading amendments has expired, however, binding precedent requires a movant to first satisfy the Rule 16(b) good cause standard. <u>Nourison Rug Corp. v. Parvizian</u>, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.") (emphasis added). As noted recently by the United States Court of Appeals for the Seventh Circuit, the focus of the good cause standard differs from the Rule 15(a)(2) measure. The thrust of the latter is the effect an amended complaint might have on an adversary or his case; the former trains on the movant's assiduity:

> The district court . . . did not abuse its discretion in concluding that Alioto failed to establish good cause for modifying the scheduling order. In making a Rule 16(b) good-cause determination, <u>the primary consideration for district courts is the diligence of the party seeking amendment</u>. . . . 3 Moore's Federal Practice § 16.14[1] [b], at 16-72 (Matthew Bender 3d ed. 2010) ("[A]lthough undoubtedly there are differences of views among district judges about how compelling a showing must be to justify extending the deadlines set in scheduling orders, it seems clear that the factor on which courts are most likely to focus when making this determination is the relative diligence of the lawyer or lawyers who seek the change."). Alioto offers an insufficiently robust explanation of why he was diligent. He argues chiefly that he had no reason to know that his complaint was deficient until the defendants filed their motions to dismiss the complaint.
>
> That explanation does not pass muster.

Alioto v. Town of Lisbon, 651 F.3d 715, 720 (7th Cir. 2011); 8B Charles A. Wright et al., Fed. Prac. & Proc. Civ. § 2212 (3d ed. elec. 2012) ("The good cause standard . . . hinges on . . . diligence . . . not prejudice to the nonmoving party.").

The June 21, 2010, scheduling order imposed a deadline of August 2, 2010, for pleading amendments. Plaintiff has not offered good cause to change that date. The explanations he does offer militate against a finding of diligence. (See, e.g., Sec. Mot. to Amnd. at 3 ("The proposed amendments . . . cure each of the alleged deficiencies contained in the previous proposed amendment. While the defendants may dispute the factual allegations, these new allegations overcome the justification for the Court's earlier dismissal and reconnect the causal chain between the Plaintiff's arrest and the defendants' conduct."); id. at 4 ("Plaintiff is seeking to simply amend his Complaint in order to cure a defect recognized by the Court").

Inasmuch as good cause is absent, it is ORDERED that plaintiff's second motion for leave to file a second amended complaint be, and hereby is, denied.

B.   Motion for Partial Judgment

The court will today enter the Judgment herein.  It is, accordingly, ORDERED that the motion for partial judgment be, and it hereby is, denied as moot.

III.

For the foregoing reasons, it is ORDERED that plaintiff's second motion for leave to file a second amended complaint be, and it hereby is, denied.  The court further ORDERS that defendant Parsons' motion for partial judgment be, and it hereby is, denied as moot.

The Clerk is directed to forward a copy of this written opinion and order to counsel of record and any unrepresented parties.

DATED:   January 25, 2013

John T. Copenhaver, Jr.
United States District Judge